Ryan L. McBride, Esq. (16218 UT)
ryan@kazlg.com
KAZEROUNI LAW GROUP, APC
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Theron D. Morrison, Esq. (10331 UT)
theron@morlg.com
MORRISON LAW GROUP
290 25th Street, Suite #102
Ogden, Utah 84401
Telephone: (801) 392-9324
Facsimile: (801) 337-2087

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| **JOSIE JENSEN,** <br><br> Plaintiff, <br><br> v. <br><br> **EQUIFAX INFORMATION SERVICES, LLC,** <br><br> Defendants. | **COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681, ET SEQ.** <br><br> **Case No.:** 4:20-cv-00047-DN <br><br> **Judge: David Nuffer** <br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued

functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Josie Jensen ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of EQUIFAX INFORMATION SERVICES, LLC ("Defendant" or "Equifax") with regard to erroneous reports of derogatory and negative credit information made by Defendant, and for failure of Defendant to properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in the County of Washington, State of Utah.

6. Any violations by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives,

and insurers of Defendant's named.

## JURISDICTION AND VENUE

8. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").
9. Venue is proper for the following reasons: (i) Plaintiff resides in the County of Washington, State of Utah which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

10. Plaintiff is a natural person residing in the County of Washington, State of Utah. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).
11. Defendant Equifax is a limited liability company doing business in the State of Utah.
12. Defendant Equifax is a national credit reporting agency, doing business in Utah, with a principal place of business in Georgia.

## GENERAL ALLEGATIONS

13. At all times relevant, Plaintiff was an individual residing within the State of Utah.
14. At all times relevant, Defendants conducted business in the State of Utah.
15. Plaintiff had multiple accounts with the following creditors:
    - American Express; Account Number: 349992358345****
    - Discover Bank; Account Number: 601100598647****
    - FMC-Omaha; Account Number: 5448****
    - Freedom Mortgage; Account Number: 9484****

- Mountain American Credit Union; Account Number: 9221466****
- SYNCB/Walmart; Account Number: 603220146124****
- TD Bank USA/Target; Account Number: 585975203227****
- Wells Fargo Card Services; Account Number: 446540005658****

(jointly referred to as the "Accounts")

16. On or about December 17, 2018, Plaintiff filed for a Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Utah in order to obtain a fresh start and rebuild her credit. Plaintiff's case was assigned Case Number 18-29337 (the "Bankruptcy").

17. These Accounts were included in the Bankruptcy and the following creditors were given notice, either electronically or by mail:
    - Discover Bank
    - Freedom Mortgage
    - Mountain America Federal Credit Union
    - American Express National Bank
    - Ford Motor Credit Company LLC
    - Wells Fargo
    - Walmart/SYNCB
    - Target

18. On or about April 4, 2019, Plaintiff received a Chapter 7 Bankruptcy discharge.

19. None of the creditors listed in paragraph 17 filed a proceeding to declare the Accounts "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

20. None of the creditors listed in paragraph 17 requested relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue Plaintiff personally for any underlying debt on the Accounts.

21. Accordingly, these Accounts were fully discharged through the Bankruptcy.

22. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal for Defendant to report any post-Bankruptcy derogatory collection information on the Accounts.

23. Plaintiff subsequently learned that Defendant reported post-Bankruptcy derogatory credit information regarding the Accounts on Plaintiff's credit report, thereby causing erroneous, inaccurate, and negative credit information to be reported on Plaintiff's credit files.

24. The continued reporting of erroneous, inaccurate, and derogatory information negatively impacted Plaintiff's credit and her "fresh start".

## Equifax
## Reported Inaccurate and Derogatory Information on Plaintiff's Credit Report

25. In an Equifax credit report dated prior to Plaintiff's Dispute letter on September 11, 2019, Equifax reported the following inaccurate and derogatory information:

    - American Express; Account No.: 349992358345****; Status: not reporting.
    - Discover Bank; Account No.: 601100598647****; Status: not reporting.
    - FMC-Omaha; Account No.: 5448****; Status: not reporting.
    - Freedom Mortgage; Account No.: 9484****; Status: 30-59 days past due with balance of $141,554 and $1,021 past due.
    - Mountain American Credit Union; Account No.: 9221466****; Status: not reporting.
    - SYNCB/Walmart; Account No.: 603220146124****; Status: not reporting.
    - TD Bank USA/Target; Account No.: 585975203227****; Status: not reporting.
    - Wells Fargo Card Services; Account No.: 446540005658****; Status: not reporting.

26. Equifax should not have reported inaccurate and derogatory information on these Accounts after December 17, 2018 because Plaintiff had filed for Bankruptcy on December 17, 2018.
27. Equifax especially should not have reported derogatory information on these Accounts after April 4, 2019 because these Accounts were discharged in Plaintiff's chapter 7 bankruptcy on that date.
28. On or about September 11, 2019, Plaintiff disputed the inaccurate and derogatory information on the Accounts pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Equifax, in writing, of the inaccurate and derogatory credit information on the credit report.
29. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax disputing the above inaccurate and derogatory information and requesting it be corrected and removed as follows:

- Immediately correct this account and the disputed derogatory information from my credit report.

- The discharged debt should be reported with a balance of $0.

- If you do not immediately correct this account on my credit report please include a 100 word statement on my credit report of all the disputed information contained in this letter regarding this account.

**Defendant's Continued Inaccurate and Derogatory Reporting on the Accounts**

30. Defendant was required to conduct a reinvestigation into the disputed inaccurate and derogatory information on the Accounts information being reported on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

31. On or about October 24, 2019, Defendant responded to Plaintiff's disputed inaccurate and derogatory information by sending Plaintiff a letter with reported changes.
32. In this letter, Defendants claimed that these Accounts had been updated but did not provide additional information about the status of the Accounts and did not include an updated tradeline for each of the Accounts.
33. Plaintiff requested an additional credit report from Equifax on March 12, 2020 in order to obtain information about the status of the updated Accounts. The status of the Accounts that Plaintiff disputed were listed as "unavailable" in this report.
34. Plaintiff is informed and believes that future potential creditors looking at Plaintiff's credit report will not be able to determine the status of these Accounts and will be therefore unable or unwilling to offer credit.
35. Thus, after receiving notice of Plaintiff's dispute, Defendant republished the inaccurate and derogatory information on the Accounts.
36. Rather than updating Plaintiff's Accounts to show the status of the Accounts, Defendant retained the inaccurate and derogatory information and then republished the inaccurate, derogatory, and confusing information on Plaintiff's report.
37. According to Equifax's "Glossary of Credit Terms" pertaining to credit reports, "Status" is defined as "the current condition of the account as of the Date Reported."
38. Reporting the status of the Accounts "unavailable" is inaccurate and misleading because the Accounts were discharged in bankruptcy on August 28, 2019.
39. By reporting the current status of the Accounts as "unavailable," Defendant intentionally and willfully reported and republished inaccurate and derogatory post-bankruptcy discharge information.

40. Plaintiff is informed and believes that her credit score is taking a "double-hit", once for her bankruptcy, and once again for the inaccurate reporting of the status of her discharged Accounts.
41. Plaintiff is informed and believes and here upon alleges that during the investigation of Plaintiff's dispute, prior to Defendant Equifax responding and verifying the disputed information to Plaintiff, Equifax failed to check Plaintiff's bankruptcy filings to ensure the Accounts were included in the Bankruptcy to aid in reporting the correct status of the Accounts.
42. Defendant further failed to contact Plaintiff and request additional information from Plaintiff that would aid in reporting the correct status of Plaintiff's Accounts.
43. Therefore, Defendant, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).
44. Defendant failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).
45. Due to Defendant's failure to investigate, Equifax failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate and derogatory information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).
46. Plaintiff's continued efforts to correct Defendant's erroneous and negative information by disputing the reporting on the Accounts with Defendant was futile.
47. Defendant's continued inaccurate and negative reporting on the Accounts in light of its knowledge of the actual errors was willful.
48. Additionally, Defendant violated 15 U.S.C. § 1681e(b) by publishing a consumer report which contained inaccurate and incomplete information. A consumer reporting agency violates this section if the consumer report

contains inaccurate information and the reporting agency did not follow reasonable procedures to assure maximum possible accuracy.

49. As stated above, the credit report provided by Equifax contained patently false information. Specifically, the failure to accurately report the status of the Accounts after Plaintiff filed for Bankruptcy.

50. Defendant's failure to correct this information despite Plaintiff's attempts to notify Defendant of the inaccuracies shows that Defendant did not utilize reasonable procedures when preparing and publishing the consumer report to ensure maximum possible accuracy.

## Damages

51. Defendant's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

52. Defendant's inaccurate and negative reporting caused Plaintiff emotional distress.

53. By inaccurately reporting information on the Accounts after notice and confirmation of the inaccurate information, Defendant failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions of Defendant constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

56. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

57. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendant.

## Prayer For Relief

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

### CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and
- any other relief the Court may deem just and proper.

## TRIAL BY JURY

58. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 14, 2020                                  Respectfully submitted,

                                        BY: /S/ RYAN MCBRIDE_____
                                            RYAN MCBRIDE, ESQ.
                                            ATTORNEY FOR PLAINTIFF